## BURSON v. CHOATE et al.

INSTRUCTIONS.—Where the issues in a cause are such as to render competent in evidence, an order drawn by one of the parties upon the other, requesting the latter to manufacture certain articles, and agreeing to pay for them at a specified rate, and such articles were manufactured and delivered, and their price became the consideration for the cause of action, and said order was offered in evidence, it was error for the Court to refuse to instruct the jury that such order is a fact tending to show the articles ordered to be made, and the contract between the parties.

APPEAL from the *Wayne* Common Pleas.

WORDEN, J.—Action by *Choate & Evans* against *Burson*, upon a promissory note, made by the latter to the former. Trial, verdict and judgment for the plaintiffs.

The defence set up was in substance, that the note was given for certain bee-hives, manufactured by the plaintiffs for the defendant; and that the articles furnished were not of the description and quality ordered.

On the trial, the plaintiffs gave in evidence the following written order, viz:

"*Cincinnati, March* 18th, 1861.

Messrs. *Choate & Evans:*—Please manufacture 500 of *A. Kelsey's* bee-hives, and paint them two coats and ship them to *Richmond, Ind.*, and I will pay you 1 dollar and 50 cents each, or 750 dollars for the lot.          D. S. BURSON,
                                                  Per A. KELSEY."

The evidence is not all in the record, but it is therein stated that there was additional evidence given by both parties on the same subject; and the plaintiffs gave evidence tending to show that *Kelsey* gave the order as the agent of the defendant and by his authority.

Burson *v.* Choate et al.

At the proper time, the defendant asked, but the Court refused, the following instruction:

"The order presented here is a fact tending to show the article ordered to be made, and the contract."

Exception was properly taken to the ruling.

We are not able to perceive on what ground the instruction could have been rightfully refused. Although the evidence is not all in the record, yet enough is stated to show the pertinency of the instruction, and the Court was notified that the defendant intended to take the question of law to the Supreme Court upon the bill of exceptions only.

The order thus given in evidence was a part of the plaintiff's case; by them introduced. If there was no other evidence as to the kind of bee-hives ordered, the order thus given must be taken as determining the kind of bee-hives to be manufactured. If, on the other hand, there was other evidence showing a direction to manufacture a different kind or quality of bee-hive, it must all be taken together, the plaintiffs having introduced the order, and the least that could be said of it is that it "tends to show the articles ordered and the contract." The kind of bee-hive ordered was a question of fact, to be determined by the jury from all the evidence, and the order thus introduced and becoming a part of the evidence on which the jury were to pass, had a tendency, and we think a strong one, to show the kind of article ordered, and the contract between the parties. In looking through the instructions given, we do not find that the substance of the one asked is embraced in them.

*Per Curiam.*—The judgment is reversed, with costs, and the cause remanded for a new trial.

*Bickle & Burchenal,* for the appellant.

*James Perry* and *Jacob B. Julian,* for the appellees.